**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ULTHERA, INC., MERZ NORTH AMERICA INC., and DOES 1 to
10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YAZHEN ZHU,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 13 2017

Sherri R. Carter, Executive Officer/Clerk

By Nancy Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services. (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* Stanley Mosk Courthouse<br>Superior Court of the State of California, County of Los Angeles<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* BC 6 8 3 1 1 9 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nathaniel Clark, Esq.; SBN: 276621          (626) 282-6868

Law Offices of Scott Warmuth, APC, 17700 Castleton Street, Suite #168, City of Industry, CA 91,748

| DATE:<br>*(Fecha)* NOV 13 2017 | Clerk, by<br>SHERRI R. CARTE (Secretario) _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒☒ on behalf of *(specify):* Merz North America Inc. |

under: ☒☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT 1**

**FILED**

LOS ANGELES SUPERIOR COURT

JUN 1 0 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 91, 92, 93, 97 and 98) | ) FOURTH AMENDED GENERAL ORDER - ) FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective as of June 10, 2016) ) ) ) ) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court **HEREBY AMENDS AND SUPERSEDES ITS January 26, 2015, AMENDED GENERAL ORDER- FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

### 1. PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions *in limine,* and the authentication and admissibility of exhibits.

1

**EXHIBIT 1**

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party counsel may file, but is not required to file, a trial brief succinctly identifying:

      (1) the claims and defenses subject to litigation;

      (2) the major legal issues (with supporting points and authorities);

      (3) the relief claimed and calculation of damages sought; and

      (4) any other information that may assist the court at trial.

### B.   MOTIONS *IN LIMINE*

Before filing motions *in limine,* the parties counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion *in limine* shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(i)(4).

2

**EXHIBIT 1**

### D.   JOINT WITNESS LIST

The parties counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness. The parties/counsel shall identify and all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The Joint List of Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.   JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury with the instruction number, title and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party.)

3

**EXHIBIT 1**

### G.     JOINT VERDICT FORM(S)

The parties counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides. If the parties counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form. Local Rule 3.25(i)(7) and (8).

### H.     JOINT EXHIBIT LIST

The parties counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3.  EVIDENTIARY EXHIBITS

The parties counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties will not be required to produce exhibit binders at the Final Status Conference (FSC). However, the exhibit binders may be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties at the Final Status Conference.

4

**EXHIBIT 1**

### 4.  TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as follows:

Tab A: Trial Briefs

Tab B:  Motions *in limine*

Tab C:  Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:  Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

5

**EXHIBIT 1**

5.   **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 10th day of June, 2016

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

6

**EXHIBIT 1**

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**EXHIBIT 1**

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**EXHIBIT 1**

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

**EXHIBIT 1**

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.


A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19


To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/


County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

**EXHIBIT 1**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

BC 6 8 3 1 1 9

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Patricia Nieto | 91 | 632 | | | |
| Hon. Marc D. Gross | 92 | 633 | | | |
| Hon. Dennis Landin | 93 | 631 | | | |
| Hon. Benny C. Osorio | (97) | 630 | | | |
| Hon. Holly J. Fujie | 98 | 635 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

PSC: 04 / 30 / 2019  TRIAL: 05 / 14 / 2019  OSC: 11 / 16 / 2020

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___NOV 1 3 2017___ SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV PI 190 (Rev06/16)
LASC Approved 05-06

## NOTICE OF CASE ASSIGNMENT
## UNLIMITED CIVIL CASE

**EXHIBIT 1**

**FILED** 2017-SJ-009-00
Superior Court of California
County of Los Angeles

AUG 10 2017

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI Court")  PROCEDURES, **CENTRAL DISTRICT** (Effective August 9, 2017) | ) Case No.: ) ) ) SEVENTH AMENDED GENERAL ) ORDER ) ) ) ) |

---

**DEPARTMENT:**    91      92      93      97      98

**FINAL STATUS CONFERENCE ("FSC"):**

- **Date:** _____ at 10:00 a.m.

**TRIAL:**

- **Date:** _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- **Date:** _____ at 8:30 a.m.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California

Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the

Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND

SUPERSEDES THE FEBRUARY 25, 2016 AMENDED GENERAL ORDER AND

GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL

1

**EXHIBIT 1**

2017-SJ-009-00

JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse.  LASC initially opened three Personal Injury Courts ("PI Courts" - Departments 91, 92 and 93), on January 6, 2014, a fourth (Department 97), and on September 28, 2015 a fifth (Department 98) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One) to manage the assignment of trials to dedicated Trial Courts located countywide.  Prior Amended General Orders laid out the basic procedures for the PI Courts' management of pretrial matters.  The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

2

**EXHIBIT 1**

2017-SJ-009-00

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, 97, or 98) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. (C.R.C. Rules 3.714(b)(3), 3.729.)

**FILING OF DOCUMENTS**

2.     Parties may file documents in person at the filing window, via U.S. Mail, via e-Delivery, which is available online at *www.lacourt.org* (link on homepage). Please note that

3

**EXHIBIT 1**

2017-SJ-009-00

filings are no longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, Requests to Waive Court Fees (FW-001) and Requests for Accommodations by Persons with Disabilities (MC-410), may not be filed via e-Delivery.

## SERVICE OF SUMMONS AND COMPLAINT

3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed. (C.C. P. § 583.210, subd. (a).)  On the OSC re Dismissal date noted above, the PI Court will dismiss **the action and/or** all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

## STIPULATIONS TO CONTINUE TRIAL

6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and submit (in Room 102 of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee required) a

4

**EXHIBIT 1**

2017-SJ-009-00

Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties may submit a maximum of two stipulations to continue trial, for a total continuance of six months. Subsequent requests to continue trial will be granted upon a showing of good cause by noticed motion. This rule is retroactive so that any previously granted stipulation to continue trial will count toward the maximum number of allowed continuances.

## NO CASE MANAGEMENT CONFERENCES

7.      The PI Courts do not conduct Case Management Conferences. The parties need not file a Case Management Statement.

## LAW AND MOTION

8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule 3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts attached as exhibits. (C.R.C. Rule 3.1116(c).)

5

**EXHIBIT 1**

2017-SJ-009-00

**CHAMBERS COPIES REQUIRED**

9.     In addition to filing original motion papers in Room 102 of the Stanley Mosk

Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to the PI Court

courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion

papers filed less than seven (7) court days before a hearing calendared in the PI Courts. The

PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as

motions for summary judgment/adjudication, to submit one or more three-ring binders

organizing the Chambers Copies behind tabs.

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court

Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After

reserving a motion hearing date, the reservation requestor must submit the papers for filing

with the reservation receipt (CRS) number printed on the face page of the document under the

caption and attach the reservation receipt as the last page.  Parties or counsel who are unable

to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom,

Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the

PI Courts urge parties who amend pleadings in response to demurrers to file amended

pleadings before the date when opposition to the demurrer is due so that the PI Courts do not

needlessly prepare tentative rulings on demurrers.

6

**EXHIBIT 1**

2017-SJ-009-00

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard, unless, the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC.  If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely.   However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

14.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

7

**EXHIBIT 1**

2017-SJ-009-00

dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file in the appropriate department and serve an Informal Discovery Conference Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC Form, briefly setting forth that party's response, at least 10 court days prior to the IDC.

15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**EX PARTE APPLICATIONS**

16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief *ex parte*." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and should file a motion to continue trial. Parties should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

8

**EXHIBIT 1**

2017-SJ-009-00

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link). The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.     Parties opposing a motion to transfer have five court days to file (in Room 102, via U.S. mail or via e-Delivery) an Opposition (using the same LACIV 238 Motion to Transfer form).

19.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

20.     Parties shall comply with the requirements of the PI Courts' "Fourth Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (C. C. P. § 631, subds. (b) and (c).)

9

**EXHIBIT 1**

2017-SJ-009-00

**JURY TRIALS**

22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated:  __8 | 10 | 17__

Debra K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

10

**EXHIBIT 1**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nathaniel Clark, Esq., State Bar No. 276621<br>Law Offices of Scott Warmuth, APC<br>17700 Castleton Street, Suite 168<br>City of Industry, CA 91748<br>TELEPHONE NO.: (626) 282-6868     FAX NO.: (626) 642-0808<br>ATTORNEY FOR *(Name):* Plaintiff, Yazhen Zhu | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 13 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Nancy Alvarez, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Yazhen Zhu v. Ulthera, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 6 8 3 1 1 9 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* Six

5. This case ☐ is ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 13, 2017

Nathaniel Clark, Esq.
_____                    _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

**EXHIBIT 1**

| SHORT TITLE: Yazhen Zhu v. Ulthera, Inc., et al. | CASE NUMBER: BC 6 8 3 1 1 9 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT 1**

| SHORT TITLE: Yazhen Zhu v. Ulthera, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**EXHIBIT 1**

| SHORT TITLE: Yazhen Zhu v. Ulthera, Inc., et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT 1**

| SHORT TITLE: Yazhen Zhu v. Ulthera, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 555 Las Tunas Drive, #206 |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Arcadia | CA | 91006 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 13, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT 1**

Nathaniel Clark, Esq.; SBN: 276621
**LAW OFFICES OF SCOTT WARMUTH, APC**
17700 Castleton St. #168
City of Industry, CA 91748
Telephone:(626) 282-6868
Facsimile: (626) 642-0808

*Attorneys for Plaintiff*
YAZHEN ZHU

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 13 2017

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| YAZHEN ZHU, <br><br> Plaintiff, <br><br> vs. <br><br> ULTHERA, INC., MERZ NORTH AMERICA INC., and DOES 1 to 10, Inclusive, <br><br> Defendants. | CASE NO. **BC 6 8 3 1 1 9** <br><br> **COMPLAINT FOR:** <br><br> 1) Negligence; <br> 2) Strict Liability – Design Defect / Consumer Expectation Test; <br> 3) Strict Liability – Manufacturers' Defect; <br> 4) Strict Liability – Failure to Warn; <br> 5) Breach of Express Warranty; *and* <br> 6) Breach of Implied Warranty <br><br> **JURY TRIAL DEMANDED** <br><br> **BY FAX** |

1.     Plaintiff YAZHEN ZHU ("Plaintiff" or "ZHU") brings this action against Defendants ULTHERA, INC. ("ULTHERA"), and MERZ NORTH AMERICA, INC. ("MERZ") (collectively "Defendants").

2.     On February 10, 2016, ZHU underwent "Ultherapy," a non-surgical cosmetic procedure that utilizes several medical device components (the "Ulthera System") designed, manufactured, marketed, distributed, and sold by ULTHERA and MERZ.

**EXHIBIT 1**

3.     Defendants failed to instruct the spa that conducted the Ultherapy how to safely apply Ultherapy.

4.     Defendants knew that the Ulthera System carried an unacceptable risk of causing severe facial burning, discoloration and scaring upon users.

5.     Despite knowledge of the dangers of the Ulthera System, Defendants failed to warn administering spas of the likeliness of injury to patients who underwent Ultherapy and how to properly advise consumers of the risks of Ultherapy and further failed to properly instruct administering spas how to safely administer Ultherapy.

6.     Despite their own knowledge of the dangers of the Ulthera System, Defendants failed to warn ZHU of the likeliness of injury to patients who underwent Ultherapy.

7.     Defendants sold the Ulthera System to administering spas including the spa that conducted the Ultherapy upon ZHU despite knowing the prevalent dangers to the consumers, including facial burning, scaring and discoloration.

8.     No Defendant warned ZHU of the dangers of the Ulthera System.

9.     Defendants advertised the Ulthera System as a non-invasive, non-surgical procedure, that was "FDA" approved, despite knowing that the procedure is dangerous, and was not FDA approved.

10.    Defendants sought to profit from ZHU's use of the Ulthera System despite knowing the dangers to society caused by Ultherapy.

11.    Defendants knew and should have known that the Ulthera System carried an unacceptable risk of severe burning and facial scaring and discoloration.

12.    Defendants hid the risks of the Ulthera System from the public in order to increase their revenue from sales of the Ulthera System.

13.    Defendants conducted Ultherapy upon ZHU despite knowing that they lacked adequate training to use the Ulthera System.

14.    On February 10, 2016, ZHU underwent Ultherapy at an administering spa in Los Angeles County.

15.    As a result of the Ultherapy, ZHU suffered immediate pain and suffering and severe facial burns.

16.    ZHU went to the mirror and saw that her face and burning and marks.

17.    ZHU's face developed terrible welts and burns and discoloration which ultimately resulted in severe scaring and ostensibly permanent discoloration.

2

**EXHIBIT 1**

18. ZHU has endured pain and suffering, emotional distress, medical expenses, and faces future medical expenses as a result of the incident.

19. Defendants acted knowingly and intentionally by introducing into the stream of commerce the Ultherapy System which they knew could cause severe skin damage. Defendants intentionally ignored these risks out of a pecuniary motivation that prevented them from properly caring for their customers, including Plaintiff.

20. Defendants acted in such a despicable manner as to shock the conscience of reasonable people.

21. Defendants ignored the safety of their customers out of greed and therefore deviated from any standard that could be deemed acceptable by society.

22. Defendants tried to cover up their misconduct by claiming in on-site brochures and national marketing materials that Ultherapy is safe and without the risks of harm suffered by ZHU.

23. Defendants are guilty of malice, fraud and oppression.

24. Defendants are liable for punitive damages due to their intentional, reckless, willful and knowing disregard for the safety of consumers including ZHU.

## PARTIES AND JURISDICTION

25. Plaintiff ZHU is an individual and was in Los Angeles County at the time of the Ultherapy.

26. Defendant ULTHERA is a Delaware corporation registered to do business in California. ULTHERA tests, produces, manufactures, markets, distributes, and sells the Ulthera System throughout California.

27. Defendant MERZ is a Delaware corporation registered to do business in California and formerly known as Merz Aesthetics, Inc. On information and belief, MERZ tests, produces, manufactures, markets, distributes, and sells the Ulthera System throughout California.

28. The identities of the remaining DOE defendants 1-10 are presently unknown. Plaintiff alleges that the DOE defendants are responsible for, ratified, authorized, and knew of each and every allegation in the complaint. Plaintiff will move to amend the complaint if information discovered in the future reveals that the identity of the unknown DOE defendants.

## FIRST CAUSE OF ACTION – NEGLIGENCE

### *Against All Defendants*

29. ZHU incorporates each and every word in this complaint to this cause of action.

3

**EXHIBIT 1**

30.     Defendants owed a duty to ZHU as a reasonably foreseeable consumer who would use the Ulthera System.

31.     Defendants breached their duty to ZHU by designing, manufacturing, marketing, distributing, and selling the Ulthera System despite the fact that they knew, or should have known, that the Ulthera System carries an unreasonable risk of severe facial burning, scaring and discoloration.

32.     Defendants advertised the Ulthera System to indicate it was a safe, non-surgical form of face lifting despite knowing the Ulthera System carried unreasonable risks of harm.

33.     Defendants knew and should have known that users would not realize the danger.

34.     Defendants failed to adequately warn of the danger or instruct on safe use of the Ulthera System.

35.     A reasonable manufacturer, distributor or seller under the same or similar circumstances as ULTHERA and MREZ would have warned of the danger or properly instructed on the safe use of the Ulthera System.

36.     ZHU was harmed as a result of ULTHERA and MERZ' failure to warn and instruct.

37.     Defendants advertised the Ulthera System as FDA approved when it was not in fact FDA approved.

38.     ZHU relied on ULTHERA and MERZ' marketing materials and representations that the Ulthera System was safe.

39.     Defendants conduct and negligence was a substantial factor in causing ZHU's injuries.

**SECOND CAUSE OF ACTION – STRICT LIABILITY**

**DESIGN DEFECT – CONSUMER EXPECTATIONS TEST**

*Against All Defendants*

40.     ZHU incorporates each and every word in this complaint to this cause of action.

41.     The Ulthera System was defective because the product did not perform as safely as an ordinary consumer would have expected it to perform.

42.     Defendants manufactured, distributed and sold the Ulthera System.

43.     The Ulthera System did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

44.     ZHU was harmed;

45.     The Ulthera System's failure to perform safely was a substantial factor in causing ZHU's harm.

4

COMPLAINT

**EXHIBIT 1**

46.   ZHU reasonably expected the Ulthera System to operate as a non-invasive and safe procedure.

47.   ZHU reasonably expected that even if misused, the Ulthera System would not cause severe burning and permanent scaring and discoloration.

### THIRD CAUSE OF ACTION – STRICT LIABILITY

### MANUFACTURING DEFECT

#### *Against All Defendants*

48.   ZHU incorporates each and every word in this complaint to this cause of action.

49.   Defendants manufactured, distributed and sold the Ulthera System.

50.   The Ulthera System contained a manufacturing defect when it left ULTHERA and MERZ possession.

51.   The manufacturing defect was a substantial factor in causing ZHU's harm.

### FOURTH CAUSE OF ACTION – STRICT LIABILITY

### FAILURE TO WARN

#### *Against All Defendants*

52.   ZHU incorporates each and every word in this complaint to this cause of action.

53.   The Ulthera System lacked sufficient instructions and warnings of potential risks.

54.   Defendants manufactured, distributed and sold the Ulthera System.

55.   The Ulthera System had potential risks that were known and knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time of the manufacturing, distribution and sales of the Ulthera System.

56.   The potential risks presented a substantial danger when the Ulthera System is used or misused in an intended or reasonably foreseeable way.

57.   Ordinary consumers, including ZHU, would not have recognized the potential risks of the Ulthera System.

58.   ULTHERA and MERZ failed to adequately warn or instruct of the potential risks of the Ulthera System.

59.   ZHU was harmed.

60.   The lack of sufficient instructions and warnings was a substantial factor in causing ZHU's harm.

5

**EXHIBIT 1**

## FIFTH CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY

### *Against All Defendants*

61.     ZHU incorporates each and every word in this complaint to this cause of action.

62.     In order to maximize their independent financial rewards, Defendants, and each of them represented orally, in writing, and/or by implication to Plaintiff that the Ulthera System was FDA approved and was safe and without serious risk of permanent facial scarring and discoloration.

63.     As a direct and legal result of these wrongful acts or omissions of Defendants, Plaintiff suffered and continues to suffer, the injuries and damages set forth herein.

64.     Defendants actions and omissions and Plaintiff's reliance thereon were all substantial factors in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY

### *Against All Defendants*

65.     ZHU incorporates each and every word in this complaint to this cause of action.

66.     Plaintiff reasonably relied upon Defendants implied warranty in the Ulthera System in Plaintiff's decision to undergo Ultherapy.

67.     As a direct and legal result of these wrongful acts or omissions of Defendants, Plaintiff suffered and continues to suffer, the injuries and damages set forth herein.

68.     Defendants actions and omissions and Plaintiff's reliance thereon were all substantial factors in causing Plaintiff's harm.

## PRAYER FOR RELIEF

Plaintiff ZHU, respectfully requests that this Court, enter a final judgment in her favor and against Defendant, and each of them, and prays for relief as follows:

On all causes of action:

      i. For general damages;

      ii. For special damages;

      iii. For punitive damages;

      iv. For pre-judgment interest on all damages, at the legal rate;

      v. For costs of suit; and

6

**EXHIBIT 1**

1          vi. For such other relief as the Court deems just and proper.

2                         **DEMAND FOR JURY TRIAL**

3     Plaintiff hereby demands a trial by jury on all issues.

4

5 Dated: November 13, 2017              **LAW OFFICES OF SCOTT WARMUTH, APC**

6

7                             By:_____
                                 NATHANIEL CLARK, ESQ.

8

9                             *Attorneys for Plaintiff*
                            YAZHEN ZHU

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**EXHIBIT 1**